UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 17-23203-CIV-MORENO

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

vs.

MARLENE D. HARMON; STEVEN BRUCE
WALDMAN; and ANABEL ALBERNI, as
Personal Representative of the Estate of
Tatiana Sanchez, deceased,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This case stems from a fatal auto accident involving a rental car being driven by someone other than the person who rented the vehicle. The question is whether the renter's auto policy extends coverage for the accident. In cases involving rental cars the policy extends coverage to policyholders. The policy at issue does not actually use the term policyholder, but instead categorizes people as "listed drivers" and "named insureds." The driver of the rental car is a "listed driver" under this policy and not a "named insured." Allstate argues that "named insured" is synonymous with policyholder, thereby excluding the accident from coverage. Defendant argues that the policy is ambiguous and the driver of the rental car, as a "listed driver," should be considered a policyholder. The Court agrees with Allstate and grants summary judgment in its favor.

### Background

This case arises out of a tragic automobile accident that occurred on January 20, 2016, resulting in the death of Tatiana Sanchez and injuries to Jose E. Gomez. Earlier that evening, Ms. Sanchez's automobile was struck by another vehicle owned by Mr. Gomez, a passenger in that

vehicle. Ms. Sanchez and Mr. Gomez exited their respective vehicles after the accident to inspect the damage, at which point Ms. Sanchez and Mr. Gomez were struck by Defendant Steven Bruce Waldman. Mr. Waldman was driving a 2016 Hyundai Sante Fe that had been rented by Defendant Marlene D. Harmon. Ms. Harmon had rented the Hyundai from Enterprise Leasing Company of Florida, LLC and allegedly permitted Mr. Waldman to drive it. Ms. Harmon and Mr. Waldman are not related and, at the time of the accident, were not married.[1]

Ms. Sanchez's estate subsequently filed a wrongful death lawsuit against, amongst others, Defendants Waldman and Harmon in the Circuit Court in and for Miami-Dade County, Florida (Case No. 2017-009968-CA-01), seeking damages. Allstate is defending Mr. Waldman in that lawsuit pursuant to a reservation of rights. Ms. Harmon has not yet been served, but Allstate anticipates that she will be. Likewise, Mr. Gomez has not yet filed a related personal injury claim, but has notified Allstate that he intends to do so. As such, to avoid incurring unnecessary litigation costs, Allstate seeks a declaration from this Court as to whether liability coverage exists for the wrongful death and personal injury claims arising from the underlying accident. This Court declares that it does not.

## Legal Standard

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*,

---

[1] The nature of their relationship is unclear based on both the pleadings in this case and in the underlying case.

477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-movant must present more than a scintilla of evidence in support of the non-movant's position. A jury must be able reasonably to find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

## Analysis

At issue is whether the subject auto policy extends coverage to the auto accident involving Mr. Waldman. In the instant action, neither Ms. Harmon nor Mr. Waldman has appeared to contest Allstate's request for declaration, and both have had defaults entered against them. Instead, Ms. Sanchez's estate, a third-party claimant, is challenging Allstate's coverage position.

A. **The Auto Policy**

Allstate issued the contested auto policy for the policy period January 13, 2016 to July 13, 2016. The policy carried liability coverage subject to the terms, conditions, limitations, and exclusions in the policy. At the time of the subject accident, the policy listed a 2001 Lexus Rx300 on the Policy Declarations as the covered vehicle.

The insuring obligation and the liability coverage provisions of the subject policy are found at Part I – Automobile Liability Insurance Bodily Injury – Coverage AA Property Damages – Coverage BB, which state, in relevant part:

> **Allstate** will pay for all damages an **insured person** is legally obligated to pay because of **bodily injury** or **property damage.**

The policy defines "Allstate," "we," "us," or "our" as "the company shown on the Policy Declarations;" and "you" or "your" as "the policyholder named on the Policy Declarations and that policy holder's **resident** spouse."

The policy defines "insured person" to mean:

> a. While using **your insured auto**
>   (i) **you,**
>   (ii) any **resident,** and
>   (iii) any other person using it with **your** permission;
>
> b. While using a non-owned **auto,**
>   (i) **you,**
>   (ii) any **resident** relative using a four wheel private passenger **auto** or **utility auto**; or
>
> c. Any other person or organization liable for the use of an **insured auto** if the **auto** is not owned or hired by that person or organized, provided the use is by an **insured person** under a. or b. above and then only for that person's acts or omissions.

The policy also lists specific exclusions that Allstate will not cover, including:

> 10. **bodily injury** or **property damage** arising out of the use of a non-owned **auto,** substitute **auto** or non-owned **utility auto,** being driven by someone other than **you** or a **resident relative.**

Read together, it is clear, and the parties do not contest, that the policy will not cover any accidents arising out of the use of a non-owned (i.e., rented) vehicle being driven by someone other than the policyholder listed on the Policy Declarations ("you") or a resident relative.

The Policy Declarations referenced in the definitions are divided into two columns. In the right-hand column, there is a space to identify the "Named Insured(s)." In the left-hand column, there is a space to identify "Listed drivers on your policy." The word "policyholder," as used in the definitions, does not appear anywhere on the page.

B. <u>**The Parties' Positions**</u>

The parties disagree as to whether the absence of the word "policyholder" creates an ambiguity about the extent of coverage. Allstate contends that it does not, and that the Policy Declarations clearly indicate that Marlene D. Harmon is the sole policyholder, excluding Mr. Waldman and the underlying accident from coverage. Ms. Sanchez's estate argues that because the term "policyholder" is not explicitly used, and because Steven Waldman is listed as a driver

on the policy on the declarations page, it was the intent to include him as an insured and an ambiguity exists that should be resolved in favor of finding that Mr. Waldman is a policyholder.

1. **"Policyholder listed on the Policy Declarations"**

Under Florida law, an insurance policy is treated and construed like a contract. *Reuter v. Lancet Indem. Risk Retention Grp. Inc.*, 262 F. Supp. 3d 1341, 1348 (S.D. Fla. June 20, 2017)(citation omitted). "[T]he construction of [that policy], including the extent of coverage, is a question of law for the court," and the court should construe it "in accordance with the plain language of the policy." *Id.* (citing *Jones v. Utica Mut. Ins. Co.*, 463 So. 2d 1153, 1157 (Fla. 1985); *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005)). The court may not "rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." *Id.* (citing *Intervest Constr. of Jax, Inc. v. Gen. Fid. Ins. Co.*, 133 So. 3d 494, 497 (Fla. 2014)). "If a policy provision is susceptible to more than one reasonable interpretation, it is considered ambiguous and must be construed liberally in favor of the insured and strictly against the insurer as drafter of the contract." *Victoria Select Ins. Co. v. Vrchota Corp.*, 805 F. Supp. 2d 1337, 1342 (S.D. Fla. 2011)(citation omitted). Notably, exclusionary clauses, like the one at issue here, are construed more strictly than coverage clauses. *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000). However, the "general doctrine that policy exceptions and exclusions are to be restrictively read is of course tempered by the rule of reason and the principle that even insurance policies must be given practical, sensible interpretations in accordance with the natural meaning of the words employed." *Reuter*, 262 F. Supp. 3d at 1348 (citing *Simmons v. Provident Mut. Life Ins. Co. of Philadelphia, Pennsylvania*, 496 So.2d 243, 245 (Fla. 3d DCA 1986)).

To avoid exclusion under the policy, the estate must show that the "policyholder listed on the Policy Declarations" is Steven Waldman. In the subject policy, the terms "you" and "your"

are defined as "the policyholder named on the Policy Declarations." The plain and ordinary meaning of the term "policyholder" means the one who holds (i.e. owns) a policy. *See* BLACK'S LAW DICTIONARY, 1818 (10th ed. 2014)("[s]omeone who owns an insurance policy, regardless of whether that person is the insured party"); *Evanston Insurance Company v. Haven South Beach, LLC*, 152 F. Supp. 3d 1370, 1376 (S.D. Fla. 2015) ("Florida courts will often use legal and non-legal dictionaries to ascertain the plain meaning of words that appear in insurance policies.")(citations omitted). However, the term "policyholder" does not appear on the Policy Declarations. Instead, the only individuals listed on the page are "Named Insured(s)" and "Listed drivers on your policy." At the top of the right-hand column titled "Summary," there is a space to identify the "Named Insured(s)" and to list mailing address, policy number, and Allstate agency. D.E. 1-5, at 7. "Marlene D. Harmon" is the only person listed in this column. The column on the left-hand side lists policy information, including a section titled "Listed drivers on your policy." *Id.* This section lists "Marlene" first, followed by "Steven Waldman." *Id.*

The estate argues that because Mr. Waldman's name is specifically listed on the Policy Declarations and because there is no "policyholder" listed or otherwise identified on the page, an ambiguity exists as to whether Mr. Waldman is a "you" under the policy. But this argument relies on a semantic distinction between the term "Named Insured(s)" and "policyholder," which does not exist. The terms are synonymous and the policy is clear. *Allstate Fire and Cas. Ins. Co. v. Paolino*, No. 14-61934-CIV-Altonaga, 2015 WL 2070335, at *3 (S.D. Fla. May 4, 2015) (recognizing that the policyholder listed on the Policy Declarations referred to in the definitions of the policy was the named insured). In further support of this fact, in the section listing Marlene D. Harmon as the "Named Insured(s)," the declarations advise Ms. Harmon in bold print that "**information on <u>your</u> Policy Declarations is used in the rating of <u>your</u> policy or it**

could affect your eligibility for certain coverages." Ms. Harmon is then instructed to "**notify [Allstate] immediately if you believe any coverages are not listed or are inaccurately listed.**" A plain reading of the references to "you" and "your" immediately following the section naming Marlene D. Harmon as the "Named Insured(s)" clearly indicates that Ms. Harmon is the policyholder to whom the definitions refer, despite not being explicitly named as such.[2]

Moreover, it is well settled and commonly understood that a listed driver is not a policyholder. *See Chase v. Horace Mann Insurance Co.*, 158 So. 3d 514 (Fla. 2015) (noting the distinction between a driver and a named insured for purposes of making coverage decisions); *see also Lampkin v. National Union Fire Ins. Co. of Pittsburgh*, 581 So. 2d 175 (Fla. 3d DCA 1990) (explaining that although an employee was listed as a driver on the corporate policy, he was not a named insured). Had the underlying accident taken place in the "vehicle covered" listed on the policy (the Lexus Rx300), there is no doubt that Mr. Waldman would be covered under the policy as a listed driver. Likewise, had Ms. Harmon—the policyholder—been driving the rented vehicle at the time of the accident, the policy would extend coverage. But that is not the case here. The policy language is unambiguous and, as such, Steven Waldman is not a policyholder.

2. **Policy Exclusion 10**[3]

---

[2] In its Motion for Summary Judgment, Allstate references other related policy documents, such as the renewal letter and Automobile Insurance Identification Card, in support of its argument that Marlene D. Harmon is the sole policyholder. However, the consideration of parole evidence is only appropriate when there is an ambiguity. Because the Court finds here that the policy is unambiguous, it does not need to consider extraneous documents.

[3] Other courts in this district have also recognized that this exclusion clearly and unambiguously applies to bar coverage for accidents involving a rental car being operated by someone other than the named insured or resident relative. *See Allstate Fire and Cas. Ins. Co. v. Paolino*, No. 14-61934-CIV-Altonaga, 2015 WL 2070335 (S.D. Fla. 2015).

Policy exclusion 10 expressly excludes coverage when two elements are present: (1) the accident involves a non-owned auto, and (2) the auto is driven by someone other than the policyholder or his resident relative. Both elements are met here.

First, the auto involved in the accident was a non-owned auto because it had been rented from and was owned by EAN/Enterprise. *See Caldwell v. Allstate Insurance Co.*, 417 So. 2d 1040, 1040 (the term non-owned auto means any auto not owned by the named insured). Second, the non-owned auto was not being driven by the policyholder—Ms. Harmon—or a resident relative of Ms. Harmon. Instead, the auto was operated by Steven Waldman. It is undisputed that Mr. Waldman was neither married to, nor a relative of Ms. Harmon at the time of the accident. Because both elements of the exclusion are established, there is no coverage for the subject accident and Allstate has no duty to defend or indemnify Marlene D. Harmon or Steven Bruce Waldman in the underlying litigation.

## Conclusion

Having found that the insurance policy is unambiguous and that it does not extend coverage to the underlying accident, the Court grants summary judgment in favor of Plaintiff Allstate Insurance Company and accordingly denies Defendant Anabel Alberni's cross-motion for summary judgment.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st of March 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record